Thomas, Justice, delivered the opinion of the court: The plaintiffs sued the defendants, as endorsers of a promissory note, in assumpsit, in the Jo Daviess circuit court. The declaration exhibits the following state of facts, to wit: That the note sued on was executed by Stewart & Brown, to the plaintiffs, by the plaintiffs endorsed to the defendants, and by the defendants re-endorsed to the plaintiffs. The first count avers the insolvency of the makers of the note, at its maturity; the second their absence from the state at the maturity of the note; and the third and last, due diligence by the institution of suit aga'inst the makers of the note, at the first term of court after their return to the state, the obtaining of judgment and execution therein, and the return of “nulla lona” on said execution. [*411] Upon this state of facts, the plaintiffs claimed the right to recover against the defendants upon their supposed legalliability, as endorsers of the aforesaid promissory note. The defendants, by their general demurrer to the aforesaid declaration, denied the validity of such claim. The court sustained the demurrer, and the plaintiffs standing by their declaration, gave judgment for costs in favor of the defendants. The question is now brought before this court for its adjudication, by an agreed case, according to the form of the statute in such case made and provided. As to the proper solution of this question, the authorities leave no room for doubt. In the case of Bishop v. Heywood, 4 Term R. 470, suit was brought against the defendant as endorser of a note executed by one Collins to the plaintiffs, by him endorsed to defendant, and by defendant re-endorsed to plaintiffs, (the very state of facts, exhibited by the record in this case,) and verdict having been rendered for the plaintiff, the court, on motion, arrested the judgment, holding that the plaintiff had no cause of action against the defendant. The principle established in that ease, haying been frequently affirmed, and in nowise shaken by subsequent authorities, inay now be considered as firmly engrafted on the law merchant, and is conclusive in this ease. Chit, on Bills 29, 289; Britton v. Webb, 2 Barn. & Cres. 483. That peculiar circumstances might exist, under which a subsequent endorser of a bill or note might become liable to be sued as endorser, by a prior endorser of such bill or note, is not denied, but the record shows the existence of no such peculiar circumstances in this case. In the judgment of the circuit court there was no error. Let it be affirmed with costs. Judgment affirmed.